Case 1:08-cv-00399  DAJ  Document 1  Filed 01/17/2008  Page 1 of 4

FILED
JANUARY 17, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 399

JUDGE SHADUR
MAGISTRATE JUDGE SCHENKIER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| David Jordan<br>6998 Ramsey Rd.<br>Hebron, IN 46341<br><br>          Plaintiff,<br><br>v.<br><br>Curtis O Barnes, A Professional Corporation<br>c/o Curtis O Barnes, Registered Agent<br>390 W Cerritos Ave<br>Anaheim, CA 92805<br><br>          Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br><br>COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT<br>AND OTHER EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. On or around November 2, 2007, Defendant telephoned Plaintiff.

10. During this communication, Defendant threatened to garnish Plaintiff's wages and make it impossible for Plaintiff to pay Plaintiff's mortgage that if Plaintiff does not make a payment.

11. On or around November 13, 2007, Defendant telephoned Plaintiff.

12. During this communication, Defendant threatened to take Plaintiff to court over the debt if Plaintiff did not agree to a payment arrangement.

13. During this communication, Defendant further threatened Plaintiff that filing the case in court would cause Plaintiff to miss work, have Plaintiff's wages garnished, have a lien placed against Plaintiff's house, have a lien placed against Plaintiff's bank account, and have any of Plaintiff's assets seized.

14. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

15. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

MACEY & ALEMAN

By: /s/ Richard J. Meier
Richard J. Meier
Jeffrey S. Hyslip
20 West Kinzie Street, Suite 1300
Chicago, IL 60610
Tel: (866) 339-1156
Fax: (312) 822-1064
rjm@legalhelpers.com
jsh@legalhelpers.com
Attorneys for Plaintiff